**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
:
SEAN L. INGRAM, SR.,              :
                                  :     Civil Action No.
        Plaintiff,                :     10-4151 (NLH)
                                  :
        v.                        :     **O P I N I O N**
                                  :
WARDEN et al.,                    :
                                  :
        Defendants.               :
_____:

**Hillman**, District Judge:

Plaintiff seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983, alleging that the conditions of his confinement amounted to a violation of his constitutional rights.[1]

---

[1] It is not immediately clear from the face of Plaintiff's submission whether he is a pretrial detainee or a convicted individual. However, since it appears that Plaintiff's claims relate to the period when he was a pretrial detainee (and out of abundance of caution), the Court will presume, for the purpose of screening Plaintiff's allegations, that Plaintiff was a pretrial detainee at all relevant times. Since "the due process rights of a [pretrial detainee] are at least as great as the Eighth Amendment protections available to a convicted prisoner," Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005) (citation omitted), this Court will examine the allegations under the standard set forth in Bell v. Wolfish, 441 U.S. 520 (1979), i.e., whether Plaintiff's conditions of confinement amounted to punishment prior to an adjudication of guilt. See Bell, 441 U.S. at 535 (the Due Process Clause of the Fourteenth Amendment prohibits punishment of a pretrial detainee prior to an adjudication of guilt); Hubbard, 399 F.3d at 166 (same).

Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.  **BACKGROUND**

Plaintiff's allegations are straightforward. He asserts that, upon his post-arrest admission to the Atlantic County Justice Facility ("ACJF"), Plaintiff was given a full medical examination, including testing for tuberculosis ("TB"), and his TB test came back negative. See Docket Entry No. 1, at 1. Ten months later, when Plaintiff started en route to another facility, Plaintiff was first transported to an intermediary facility where the same full medical examination was repeated, including a TB test. See id. That second TB test came TB-positive, and Plaintiff was prescribed medication. See id. From the aforesaid chain of events, Plaintiff deduces that he must have contracted TB during his ten-month stay

at the ACJF,[2] and now sues the warden and unspecified medical staff of the ACJF citing his concerns for his family (specifically, he asserts worrying that he might eventually infect his family with TB) and his displeasure with the possibility that he might now have to take TB medication for an indefinite period of time. See id. He also complains of not being given any "counseling" addressing the emotional unease he suffers as a result of becoming a TB-carrier and the prospect of taking TB medication for life.

## II. STANDARD OF REVIEW

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89 (2007); Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Indeed, it is long established that a court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, while a court will accept well-pled allegations as true, it will not accept bald

---

[2] Although medical statistics necessarily presume a certain amount of false-positive and false-negative tests, and – hence – Plaintiff might have been tested false-negative at the ACJF or false-positive ten months later, or both, the Court presumes – for the purposes of this Opinion – that both Plaintiff's TB tests were reflective of Plaintiff's actual physical condition that existed at the points in time when these tests were taken.

assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

Addressing the decision of the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  Id. at 1965 n.3. . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 1966.  [Hence] "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct."  Id.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . .  Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . .  It is the conclusory nature of [these] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn . . . the discovery process.  Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint alleges any of the elements] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope to develop facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

### III. **SECTION 1983 ACTIONS**

A plaintiff may have a cause of action under 42 U.S.C. § 1983

for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege: first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV.   DISCUSSION**

   **A.   Claims Against The Warden**

The specificity requirement set forth in Iqbal applies full-force to claims against supervisory officials.  Indeed, the Iqbal Court clarified that a government official sued in his or her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a respondeat superior theory or on the basis of some general link to allegedly responsible individuals or actions.  See Iqbal, 129 S. Ct. at 1948-49 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior . . . . [A] plaintiff must plead that each Government-official defendant,

through the official's own actions, has violated the Constitution. . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); accord, e.g., Richards v. Pennsylvania, 196 Fed. App'x 82, 85 (3d Cir. 2006) (the court, in Section 1983 action alleging excessive force in arrest, agreed with a magistrate judge that plaintiff's "failure to allege personal involvement on the part of defendant [who was the deputy warden] proved fatal to [plaintiff's] claims"); Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" in order to be liable) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)); Johnstone v. United States, 980 F. Supp. 148, 151-52 (E.D. Pa. 1997) (court sua sponte dismissed claims against government official because "there is no indication" that the officer "had any personal involvement in the alleged constitutional deprivations," and plaintiff therefore could not "prove any set of facts that would entitle him to relief against [the officer]").

   Here, Plaintiff's Complaint (silent as to any particular act undertaken by the Warden, or even by any other person) unambiguously indicates that Plaintiff named the Warden as Defendant solely because of the Warden's supervisory position.  As such, Plaintiff's claims against the Warden should be dismissed.

### B.     Claims Against Unspecified Medical Staff

Plaintiff's claims against unspecified medical staff of the ACJF are also subject to dismissal since Plaintiff did not name any particular Defendant, and did not detail any relevant events. Moreover, Plaintiff's Complaint suggests that Plaintiff's claims are based on nothing but his speculation about negligence on the part of ACJF officials (in terms of protecting Plaintiff from the danger of contracting TB). See Docket Entry No. 1, at 1 ("My claim is NEGLIGENCE . . . for exposing me to someone who had this disease") (capitalization in original).

In the context of a failure-to-protect claim, governed by the guidance provided in Farmer v. Brennan, 511 U.S. 825, 834 (1994), and Wilson v. Seiter, 501 U.S. 294, 298 (1991), the inmate must assert facts showing that he was "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of – but disregarded – that particular excessive risk to the inmate's safety.   See id. at 837.   "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  "Whether . . . prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, . . . and a fact finder may conclude that . . . prison official[s] knew of a substantial risk from the very fact that the risk was obvious."

Farmer, 511 U.S. at 842.  To put it another way, deliberate indifference implicated by the Farmer test is qualitatively more than a mere lack of ordinary due care (which is the core property of a negligence claim): deliberate indifference is a state of mind equivalent to a reckless disregard of a *known* risk of harm.  See id. at 834.

Here, Plaintiff's Complaint suggests that his claims are limited solely to negligence based solely on the allegation that he tested TB-negative at the time of his entry into the ACJF but tested TB-positive after his stay at the ACJF.  As drafted, the Complaint does not indicate that the ACJF officials even knew of any TB-related danger (i.e., that the ACJF officials knew that there were TB-carriers among the inmates or among the ACJF staff interacting with the inmate population, or among the persons who attended the ACJF to visit the inmates).[3]  Therefore, as drafted, the Complaint fails to meet even the first prong of the Farmer test.  Moreover, were this Court to reach the second prong of Farmer, the Complaint alleges no facts showing that the ACJF officials recklessly disregarded the risk of having a TB-carrier circulating among the general prison population relying again solely on the time line of his TB tests.  See generally, Docket

---

[3] Plaintiff's failure to assert facts showing that ACJF officials knew of the source of danger or even the very existence of any danger allows for a deducement that Plaintiff contracted TB from the persons – be they his personal friends or family members – who visited Plaintiff during his stay at the ACJF.

Entry No. 1.  Consequently, as drafted, Plaintiff's claims should be dismissed.  That being said, the Court indeed cannot rule out the possibility that Plaintiff, if given an opportunity to amend his pleadings, may name individual Defendant(s) liable for the relevant alleged wrongs and, in addition, provide the Court with specific facts indicating that: (a) the ACJF officials knew that there were TB-carriers among the inmates or among the ACJF staff interacting with the inmate population; and (b) the ACJF officials recklessly disregarded the risk of having a TB-carrier circulating among the general prison population.  Therefore, the Court will grant Plaintiff a narrowly-tailored leave to amend as to these particular line of claims.[4]

### C. Lack of Counseling As to the Future Fears

Finally, Plaintiff's allegations that he is not being given "counseling" as to his concerns about future events fail, on the present record, to state a cognizable claim.  To the extent these claims are based on future injuries they are inherently speculative.  To the extent they assert claims based on injuries to Plaintiff's family members he lacks standing.  Moreover, they fail to raise to the level of a deprivation serious enough to constitute punishment imposed prior to an adjudication of guilt.  See Hubbard

---

[4] To that effect, the Court stresses that Plaintiff's amended complaint, if submitted, must state specific facts plausible indicating that Plaintiff might qualify for relief rather than assert Plaintiff's conjecture in lieu of facts.  See Iqbal, 129 S. Ct. at 1949-54.

v. Taylor, 399 F.3d 150.[5]

**V.  CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint will be dismissed, with prejudice, for failure to state a claim upon which relief can be granted with regard to all claims other than those alleging failure to protect.  Plaintiff's failure-to-protect claims will be dismissed without prejudice, and Plaintiff will be allowed an opportunity to cure the deficiencies of this line of claims by filing an amended pleading.

An appropriate Order accompanies this Opinion.


/s/ NOEL L. HILLMAN
**NOEL L. HILLMAN, U.S.D.J.**

Dated: December 17, 2010

---

[5] In no way does this ruling, standing alone, bar Plaintiff from seeking appropriate remedies if he should be able to allege and prove a failure-to-protect claim.