**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

```
_____ :
                                  :
SEAN L. INGRAM, SR.,              :
                                  :        Civil Action No.
              Plaintiff,          :        10-4151 (NLH)
                                  :
              v.                  :        MEMORANDUM OPINION
                                  :        AND ORDER
WARDEN et al.,                    :
                                  :
              Defendants.         :
_____ :
```

This matter comes before the Court upon Plaintiff's application for extension of time to file both Plaintiff's amended complaint and Plaintiff's notice of appeal, see Docket Entry No. 10, and it appearing that:

1.  On August 13, 2010, Plaintiff, a convicted state prisoner, submitted for filing his original complaint and his application to proceed in this matter in forma pauperis. See Docket Entry No. 1.  On September 30, 2010, Plaintiff submitted his amended complaint, see Docket Entry No. 6, which the Court construed as a supplement to the original complaint.

2.  On December 17, 2010, this Court issued an order and accompanying opinion, construing the totality of Plaintiff's submissions as setting forth allegations raised by a pre-trial detainee, and dismissing one line of Plaintiff's challenges with prejudice and another line of challenges

Page -1-

without prejudice.  <u>See</u> Docket Entries Nos. 8 and 9.

3.     Plaintiff now requests extension of time to file both his second amended complaint (which, the Court presumes, would strive to cure the deficiencies in the claims the Court dismissed without prejudice) and, simultaneously, an extension of time to file his notice of appeal (which, the Court presumes, would challenge those same determinations). <u>See</u> Docket Entry No. 10.

4.     Plaintiff's motion is problematic for numerous reasons.  The rulings that Plaintiff seemingly wishes to appeal were not, as far as this Court's intentions were concerned, a final determination resulting in withdrawal of this Court's jurisdiction over this matter.  Rather, the opposite was true: the Court dismissed one of two lines of Plaintiff's claims without prejudice in order to allow Plaintiff an opportunity to amend his original set of two pleadings. Therefore, for the purposes of the instant proceedings, Plaintiff's appellate application would be, facially, interlocutory.  <u>See</u> <u>Hill v. City of Scranton</u>, 411 F.3d 118, 124 (3d Cir. 2005) (a district court order that does not resolve all of a petitioner's claims in a given action is generally not immediately appealable unless the court certifies the order as a final judgment pursuant to Fed. R. Civ. P. 54(b)).

5.   Nonetheless, it is Plaintiff's right to decline the opportunity to replead the claims dismissed by this Court without prejudice and – as a result of so electing – transform this Court's prior order into a final determination ripe for the purposes of appeal.  Cf. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 517 (3d Cir. 2007); see also Connecticut National Bank v. Fluor Corp., 808 F.2d 957 (2d Cir. 1987) (When a complaint is dismissed with the right to replead, a plaintiff may decline to replead, accept an adverse judgment dismissing the action, and on appeal from the judgment secure review of the ruling requiring repleading in light of the facts that were pled).

6.   However, Plaintiff cannot pursue an appeal from the Court's order and simultaneously treat this matter as ongoing by filing Plaintiff's second amended complaint.  See Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) ("filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal").  Simply put, Plaintiff cannot "hedge his bets" by hoping that either continuing proceedings before this Court or his appeal before the Court of Appeals for the Third Circuit would yield a favorable result; rather, Plaintiff is obligated to

make an exclusive election.

7.  The foregoing analysis highlights the concerns associated
    with Plaintiff's current motion at bar, since this motion
    seek two mutually exclusive remedies, leave to file an
    appeal out of time and an extension of time to file
    Plaintiff's second amended complaint.  However, out of
    abundance of caution, the Court will address both possible
    constructions.

8.  Plaintiff asserts that he seeks extension of time because,
    due to his upcoming transfer to another prison facility, he
    will not have "access to books [or] other information . . .
    necessary [for his] investigation and research" associated
    either with his desire to appeal or his interest in
    executing the second amended complaint.  See Docket Entry
    No. 10, at 1.

    a.  For the purposes of filing an appeal out of time, the
        district court may extend the filing time if "a party
        so moves no later than 30 days after the time
        prescribed by . . . Rule 4(a) expires" and the party
        shows excusable neglect or good cause.  Fed. R. App. P.
        4(a)(5)(A)(i)-(ii).  Here, Plaintiff does not assert
        any circumstances of "excusable neglect"; rather, he
        seems to argue that he has a "good cause," due to his
        anticipated temporary inability to access "books"

(which, the Court presumes, to be law books contained in prison law library) and unspecified "information," the nature of which is unclear.  The law based on the "good cause" phrase of Rule 4(a) does not appear to be in Plaintiff's favor.  Conducting a relevant analysis, one court in this Circuit observed as follows:

> [T]he contours of the good cause analysis are largely undefined. . . . [R]esearch suggests that there has been little development in this area since the Seventh Circuit noted that "there are no reported decisions on the meaning of 'good cause.'" <u>Lorenzen v. Employees Ret. Plan of Sperry & Hutchinson Co.</u>, 896 F.2d 228, 232 (7th Cir. 1990).  For some guidance, the Court thus returns to the Advisory Committee's Note, which provides one illustration: "If . . . the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension.  It may be unfair to make such a movant prove that its 'neglect' was excusable, given that the movant may not have been neglectful at all." Fed. R. App. P. 4, 2002 advisory committee's note.  This distinction – applying excusable neglect when negligence is involved and good cause when circumstances beyond the movant's control cause delay – would slightly muddle existing caselaw.  For instance, the Third Circuit considered a situation identical to that of the Advisory Committee's illustration and decided the matter purely on grounds of excusable neglect. [<u>See</u>] <u>Ramseur v. Beyer</u>, 921 F.2d 504, 507 (3d Cir. 1990).  Nonetheless, the Court finds that the Committee's Note provides a sensible and persuasive reading of the statute.  Not only does its distinction comport with the express language of Rule 4 by defining good cause as something other than excusable negligent, but it also alleviates the lack of judicial interpretation of that term: A more

structured and exacting analysis is
appropriate where a party seeks protection
from his own negligence; where a litigant is
the victim of unforeseeable circumstances,
however, justice permits greater discretion.
According[ly,] . . . [t]he absence of any
independent and uncontrollable intervening
circumstance makes good cause impossible.

Price v. General Cable Indus., Inc., 466 F. Supp. 2d

610, 612-13 (W.D. Pa. 2006).  However, here, the Court

can construe Plaintiff's transfer as an independent and

uncontrollable intervening circumstance having a

sufficiently direct affect on Plaintiff's filing of his

notice of appeal.[1]  Therefore, the Court will grant

Plaintiff a 30-day extension of time to waive the

opportunity to submit his second amended complaint and,

instead, file his notice of appeal.  In light of

Plaintiff's allegedly upcoming transfer to another

prison facility and corresponding uncertainty about the

due delivery of this Memorandum Opinion and Order,

Plaintiff's 30-day period to file his appeal should be

calculated not from the date of entry of this

Memorandum Opinion and Order bur, rather, from the date

_____

[1]  Admittedly, we grant this leave liberally.  The filing of
a notice of appeal is less complicated and entirely distinct and
different from any brief that Plaintiff may wish to file with the
Court of Appeals in connection with his appeal.  Therefore, there
is a much more tenuous relationship between Plaintiff's execution
of the notice of appeal and a claim of access to legal and
factual materials.  Nonetheless, mindful of Plaintiff's pro se
litigant status, the Court will grant the extension.

of delivery of this Memorandum Opinion and Order.  To
ensure such delivery, the Court would order the Clerk
to serve this Memorandum Opinion and Order upon
Plaintiff by means of certified mail, return receipt
requested, and – in the event such mail is returned as
undeliverable – the Clerk would be directed to re-serve
this Memorandum Opinion and Order, by same means,
addressing it to Plaintiff's new place of confinement.
However, in the event Plaintiff fails to notify the
Clerk of his new address within thirty days from the
date of entry of this Memorandum Opinion and Order, or
in the event Plaintiff remains at his current place of
confinement for the period exceeding thirty days from
the date of entry of this Memorandum Opinion and Order,
this Court's leave to file Plaintiff's appeal out of
time shall be deemed vacated, without further notice to
Plaintiff, on the grounds of Plaintiff's lack of
veracity as to his application at bar.[2]

b.   For the purposes of Plaintiff's filing of his second

---

[2] Plaintiff's motion at bar arrived after Plaintiff used 28
out of the 30 days available for his filing of notice of appeal
or for his filing of his second amended complaint.  Arguably,
this two-day difference cannot be perceived as an event having a
decisive effect on Plaintiff's ability to file an amended
complaint or a notice of appeal.  Nonetheless, we have relied on
Plaintiff's representation as to the pending transfer.  However,
if Plaintiff's transfer is a distant event or hypothetical event,
no extension of time would be warranted.

amended complaint (to be filed if Plaintiff abandons an intention to appeal at this time), the Court also finds it warranted to grant an extension of time. Here, as noted supra, Plaintiff asserts that his ability to file such amended complaint is, allegedly, hindered by his upcoming transfer, which Plaintiff anticipates to frustrate his access to law books and to unspecified information. We find the "access to law books" aspect of Plaintiff's argument to be less than persuasive since, as this Court's prior decision detailed to Plaintiff, he is obligated to plead facts, not law, and indeed cannot substitute his factual pleadings by recitations of legal postulates. See Docket Entry No. 8, at 5 (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-54 (2009), for the observation that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group") (internal

quotation marks and citation omitted).  However,
Plaintiff was allowed to submit his second amended
complaint in order to "name individual Defendant(s)
liable for the relevant alleged wrongs and, in
addition, provide the Court with specific facts
indicating that: (a) the ACJF officials knew that there
were TB-carriers among the inmates or among the ACJF
staff interacting with the inmate population; and (b)
the ACJF officials recklessly disregarded the risk of
having a TB-carrier circulating among the general
prison population," id. at 10.  The Court finds it
prudent to allow Plaintiff a modest extension of time
in light of his potentially ongoing endeavors to gather
the relevant facts.  To that effect, the Court stresses
that, at this pleading stage, Plaintiff is neither
required nor expected to produce admissible evidence or
any documents, or testimonies, or akin, in support of
his factual assertions.  Rather, Plaintiff is required
to allege the facts in terms of "the who, what, when,
where, and how: the first paragraph of any newspaper
story."  In re Advanta Corp. Sec. Litig., 180 F.3d 525,
534 (3d Cir. 1999) (internal quotation marks and
citation omitted).  Consequently, the Court will grant
Plaintiff a 15-day extension of time to submit his

second amended complaint.  In light of Plaintiff's
allegedly upcoming transfer to another prison facility
and the corresponding uncertainty about the delivery of
this Memorandum Opinion and Order, Plaintiff's 15-day
period to file his second amended complaint should be
calculated from the date of delivery of this Memorandum
Opinion and Order.  To ensure such delivery, the Court
would order the Clerk to serve this Memorandum Opinion
and Order upon Plaintiff by means of certified mail,
return receipt requested, and – in the event such mail
is returned as undeliverable – the Clerk would be
directed to re-serve this Memorandum Opinion and Order,
by same means, to Plaintiff's new place of confinement.
However, in the event Plaintiff fails to notify the
Clerk of his new address within thirty days from the
date of entry of this Memorandum Opinion and Order, or
in the event Plaintiff remains at his current place of
confinement for the period exceeding thirty days from
the date of entry of this Memorandum Opinion and Order,
this Court's leave to file Plaintiff's second amended
complaint out of time period provided in the Court's
prior ruling shall be deemed vacated on the grounds of
Plaintiff's lack of veracity as to his application at

bar.[3]

IT IS, therefore, on this 24th day of  January , 2011,

ORDERED that the Clerk shall reopen this matter for the purposes of the Court's examination of Plaintiff's motion docketed as Docket Entry No. 10, by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff shall make an election by either filing his second amended complaint or by filing his notice of appeal (upon declining to file his second amended complaint); and it is further

ORDERED that, in the event Plaintiff elects to file his second amended complaint, Plaintiff shall do so within fifteen days from the date of his receipt of this Memorandum Opinion and Order, where the date of the receipt should be deemed the date reflected on the return receipt obtained as a result of certified mailing, regardless of the date when Plaintiff's prison officials actually deliver such mailing to Plaintiff, unless Plaintiff's prison officials fail to deliver such mailing to Plaintiff entirely; and it is further

ORDERED that, in the event Plaintiff elects to file his notice of appeal, Plaintiff shall do so within thirty days from the date of his receipt of this Memorandum Opinion and Order,

---

[3] See supra, this Memorandum Opinion and Order, note 2.

Page -11-

where the date of receipt should be deemed the date reflected on
the return receipt obtained as a result of certified mailing,
regardless of the date when Plaintiff's prison officials deliver
actually such mailing to Plaintiff, unless Plaintiff's prison
officials fail to deliver such mailing to Plaintiff entirely; and
it is further

ORDERED that the Clerk shall serve this Memorandum Opinion
and Order upon Plaintiff by means of certified mail, return
receipt requested; and it is further

ORDERED that, in the event such mail is returned to the
Clerk as undeliverable, the Clerk shall re-serve this Memorandum
Opinion and Order upon Plaintiff forty five days after the date
of receipt of notice informing the Clerk that the Clerk's prior
mailing was returned as undeliverable.  Such re-mailing shall be:
(a) executed if, and only if, by the time of such re-mailing,
Plaintiff notifies the Clerk of Plaintiff's new address; and (b)
executed by means of certified mail, return receipt requested,
and directed to Plaintiff's new address; and it is further

ORDERED that, in the event Plaintiff fails to notify the
Clerk of his new address within thirty days from the date of
entry of this Memorandum Opinion and Order, or in the event
Plaintiff remains at his current place of confinement for the
period exceeding thirty days from the date of entry of this
Memorandum Opinion and Order, the extension of time to file

Plaintiff's second amended complaint, as well as the extension of time to file Plaintiff's notice of appeal, shall be deemed vacated, without additional notice to Plaintiff, on the grounds of Plaintiff's lack of veracity in his instant application; and it is finally

ORDERED that the Clerk shall administratively terminate this matter, subject to reopening in the event Plaintiff timely submits his amended complaint, by entering a new and separate entry on the docket reading "CIVIL CASE TERMINATED."


                                        /s/ NOEL L. HILLMAN
                                        **NOEL L. HILLMAN, U.S.D.J.**


At Camden, New Jersey