```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| SEAN L. INGRAM, SR., | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 10-4151 (NLH) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| WARDEN et al., | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court upon the United States Court of Appeals for the Third Circuit's order dismissing Plaintiff's appeal for lack of jurisdiction, see Docket Entry No. 19, and it appearing that:

1. On August 13, 2010, Plaintiff, a convicted state prisoner, submitted for filing his original complaint and his application to proceed in this matter in forma pauperis, see Docket Entry No. 1, and – on September 30, 2010, – submitted his first amended complaint, see Docket Entry No. 6, which the Court construed as a supplement to the original complaint.

2. On December 17, 2010, this Court issued an order and accompanying opinion, construing the totality of Plaintiff's submissions as setting forth allegations raised by a pre-trial detainee, and dismissing one claim with prejudice and another series of claims without prejudice.  See Docket

        Entries Nos. 8 and 9.

3. In response, Plaintiff requested an extension of time to file both his second amended complaint and, simultaneously, his notice of appeal challenging the Court's above-detailed determination. <u>See</u> Docket Entry No. 10.

4. The Court granted Plaintiff's motion with regard to his requests for extension of time, <u>see</u> Docket Entry No. 13, while explaining to Plaintiff that, for the purposes of the instant proceedings, Plaintiff's appellate application would be interlocutory unless Plaintiff elected to decline his opportunity to replead the claims dismissed without prejudice. <u>Se</u> <u>id.</u> The Court stressed that Plaintiff could not pursue an appeal from a final determination (if he so elected) and simultaneously pursue this matter by filing a second amended complaint. <u>See</u> <u>id.</u>

5. Nevertheless, Plaintiff filed his notice of appeal and, two weeks later, submitted his second amended complaint in this matter. <u>See</u> Docket Entries Nos. 14 and 16.

5. Noting that Plaintiff's appeal was interlocutory, the Court of Appeals dismissed his appeal for lack of jurisdiction. <u>See</u> Docket Entry No. 19.

6. Plaintiff's second amended complaint is still pending. This Court has no information as to whether or not Plaintiff still wishes to continue his litigation of the instant

matter with regard to the claims dismissed by the Court without prejudice.

IT IS, therefore, on this __5th__ day of __July__, 2012,

ORDERED that the Clerk shall reopen this matter in light of the entry of the Court of Appeals' ruling, Docket Entry No. 19, by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff may, if he so desires, reinstate the claims asserted in his second amended complaint by submitting a written statement to the Clerk informing the Court of Plaintiff's interest in litigating his claims dismissed by this Court without prejudice; and it is further

ORDERED that, in the event Plaintiff elects to file such written statement, Plaintiff shall do so within thirty days from the date of entry of this Memorandum Opinion and Order; and it is further

ORDERED that, in the event Plaintiff timely files such written statement, the Court will screen Plaintiff's second amended complaint on the merits; and it is further

ORDERED that, in the event no written statement is received from Plaintiff within thirty days from the date of entry of this Memorandum Opinion and Order, Plaintiff's challenges dismissed by this Court without prejudice will be deemed voluntarily withdrawn, without prejudice to Plaintiff's raising these

challenges by means of a new and separate civil complaint.  The Court, however, stresses that no statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's opinion as to substantive or procedural validity or invalidity of these challenges, in the event they are raised by means of a new and separate civil complaint; and it is further

ORDERED that the Clerk shall administratively terminate this matter, subject to reopening in the event Plaintiff timely submits his written statement, by entering a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.


                                         s/ Noel L. Hillman
                                         **NOEL L. HILLMAN**
                                         **United States District Judge**

At Camden, New Jersey